Robert Goelet
vs.
Tax Assessors of the
City of Newport

M. P. No. 2422.

June 6, 1933.

CARPENTER, J. This is a petition for relief from tax assessment, brought by virtue of and under the authority of Chapter 1945 of the Public Laws. Said petition alleges that the petitioner, Robert Goelet, is aggrieved by the assessment of taxes upon his ratable estate in the City of Newport for the year 1932, as shown by the tax assessment made by the Board of Tax Assessors of the City of Newport, bearing the date August 16, 1932, and filed in the office of the City Clerk.

Said petition also further sets forth that the tax assessors have fixed a full, fair cash value of the real estate of said petitioner at $529,700, and said petition further alleges that the full, fair cash value of said real estate of said petitioner on June 15, 1932, was not in excess of $300,000.

Said petition came up for hearing before this Court without a jury and, upon the hearing thereof, it appeared from statements of counsel and the evidence that the only question for the Court to determine in the case was as to the fair cash value of the petitioner's real estate, there being no question raised as to the tangible personal property.

The law provides that real estate shall be assessed for its full, fair cash value by the tax assessors of the towns in which the real estate is located. The expression "full, fair cash value" has been interpreted by our courts to mean the full, fair cash market value. That is, that the valuation of real estate shall be fixed by the assessors at the amount that the real estate would bring in the market when sold by a

willing seller and bought by a willing purchaser.

The petitioner presented three expert witnesses; Messrs. White, Rooney and Dyer, three men who had been residents of the City of Newport for many years and who, while residents of Newport, had dealt to a considerable extent in real estate of the nature and in the location of the petitioner's property. Each witness testified to several sales that had come within his knowledge of property fairly comparable to the property of the petitioner. From their experience in the sale of real estate in the City of Newport and in the locality of the property in question, with the knowledge of the sales of comparable real estate, they testified that the full, fair cash value of the petitioner's real estate would not exceed $300,000.

The City of Newport produced three witnesses besides Mr. Sullivan, the Chairman of the Board of Tax Assessors, who testified that some of the sales referred to by the petitioner's witnesses aided them in no way as they were not comparable to the petitioner's real estate. Mr. Sullivan also testified as an expert under the ruling of the Supreme Court, which holds that tax assessors may testify as experts.

Now, on the side of the petitioner, we have the evidence of Messrs. White, Rooney and Dyer, and on behalf of the City, we have the evidence of Messrs. Andrews, Adams and Mrs. Jacobs and also of Mr. Sullivan, the Chairman of the Board of Tax Assessors.

This Court is not bound, of course, by the values placed by experts on either side but, considering the evidence of the experts on the one side and the other, the Court cannot but feel that the evidence of the expert witnesses in behalf of the petitioner— taking into consideration the manner in which they gave their testimony, their knowledge of sales, their long experience in transacting real estate business in the City of Newport, and their knowledge of real estate and its values in the locality in which the petitioner's real estate is situated — is much more satisfying and aids the Court in fixing the full, fair cash value of the petitioner's estate much more than the evidence of the witnesses on behalf of the Tax Assessors of the City of Newport.

This Court has given the evidence of both sides most careful consideration, having in mind the presumption that exists in behalf of the tax assessors that their assessment is right. Taking into consideration the sales made of comparable property, it feels that $10,-000 would be a fair cash value of the real estate of the petitioner located on LeRoy avenue. This includes, of course, the land and greenhouses thereon; and that $290,000 would be a fair value of the real estate located on Ochre Court. Upon the total of these two values, namely, $300,000, the petitioner would be entitled to a decision for $5,512.80 with interest from date of payment, and costs.

Decision for petitioner for $5,512.80, plus interest from date of payment, August 31, 1932, $248.43; amounting in all to $5,761.23, and costs.

For respondents: J. A. Sullivan, Esq., For petitioner: Sheffield & Harvey. John P. Hartigan, Esq., Atty. Gen'l.